**Matthew S. Parmet** (CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone  310 928 1277

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND TUNKEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GHIRARDELLI ASSOCIATES, INC.<br><br>Defendant. | Case No. 5:22-cv-00689<br><br>**Plaintiff's Original Class and Collective Action Complaint for Damages**<br><br>1. **Failure to pay overtime compensation (Fair Labor Standards Act, 29 U.S.C. § 201,** *et seq.***)**<br>2. **Failure to pay wages (CAL. LAB. CODE §§ 510, 1194, 1194.5; IWC Wage Order 16-2001)**<br>3. **Failure to provide compensation for missed meal and rest periods (CAL. LAB. CODE §§ 226.7, 512; IWC Wage Order 16-2001)**<br>4. **Violations of record keeping requirements (CAL. LAB. CODE § 226)**<br>5. **Waiting time penalties (CAL. LAB. CODE § 203)**<br>6. **Violation of Unfair Competition Law (CAL. BUS. & PROF. CODE §§ 17200,** *et seq.***)** |

## SUMMARY

1. Plaintiff Raymond Tunkel (Tunkel) worked for Defendant Ghirardelli Associates, Inc. (Defendant).

2. The nature of Tunkel's working relationship with Defendant is that of an employer-employee, and he is entitled to the benefits of an employee under the FLSA and California law.

3. Tunkel worked overtime while working for Defendant.

4. While Defendant did pay overtime on occasion, it failed to pay Tunkel for his off-the-clock work.

5. Despite working overtime, Defendant did not pay Tunkel for all the hours he worked.

6. For example, every day after work, Tunkel would have to complete his "daily report" or "journal" which detailed the days events.

7. Tunkel was not paid for his time to complete journaling even though it was required by Defendant.

8. Tunkel was also required to input that he took meal and rest breaks while on the construction site which he worked through because there was no time to take breaks.

9. Tunkel brings this lawsuit to recover the unpaid overtime and other damages Defendant owes to him and the other construction inspectors and field staff like him.

10. Tunkel is similarly situated to these other workers for the purposes of the FLSA and California law.

11. Tunkel seeks back wages, liquidated damages, attorney fees, costs, and all other remedies available under the FLSA and California law.

## JURISDICTION & VENUE

12. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves a federal question under the FLSA, 29 U.S.C. § 216(b).

13. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

15. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant is headquartered in this District and Division.

## INTRADISTRICT ASSIGNMENT

16. Defendant maintains its headquarters and principal place of business in Santa Clara County, California.

PARMET PC

17. This matter is therefore properly assigned to the District's San Jose Division. Civ. L.R. 3-2(d).

**PARTIES**

18. Tunkel worked for Defendant as a Construction Inspector from 2007 until April 2019.

19. He regularly worked in excess of 40 hours a week without receiving overtime pay for hours worked off the clock.

20. The work in excess of 40 hours in a workweek was required by Defendant.

21. His written consent is attached as Exhibit A.

22. Tunkel brings this action on behalf of himself and all other similarly situated non-exempt field staff who worked off the clock and were not paid overtime by Defendant.

23. Defendant did not pay these workers overtime for hours they spent completing their daily reports.

24. These daily reports would usually take an hour or more to complete each day.

25. Defendant did not pay the non-exempt field staff for meal and rest breaks they worked through.

26. Defendant would only pay its non-exempt field staff while they were on the construction site.

27. Defendant would not pay its non-exempt field staff for offsite work.

28. Tunkel represents at least two classes of similarly situated co-workers.

29. First, Tunkel represents a class of similarly situated hourly employees under the FLSA pursuant to 29 U.S.C. § 216(b). The FLSA Class is defined as:

> **All non-exempt field staff employed by Ghirardelli Associates in the past three years who were required to complete daily reports and were not paid overtime for all hours worked over 40 in a workweek. (FLSA Class).**

30. Second, Tunkel represents a class of similarly situated hourly employees under the California Labor Code pursuant to Federal Rule of Civil Procedure 23. The California Class is defined as:

> **All construction inspectors and field staff employed by Ghirardelli Associates in the past four years and 178 days[1] who were required to complete daily reports and were not paid overtime for all hours worked over 40 in a workweek in California. (California Class).**

31. Collectively, the FLSA Class Member and California Class Members are referred to as the "Class Members."

32. Defendant is a California corporation.

33. Defendant conducts business in a systematic and continuous manner throughout California, including this District and Division.

34. Defendant may be served by serving its registered agent, **Alain Charles, 2055 Gateway Place, Suite 470, San Jose, CA 95110**, or by any other method authorized by law.

## COVERAGE UNDER THE FLSA

35. For at least the past three years, Defendant has been an employer within the meaning of the section 3(d) of the FLSA, 29 U.S.C. § 203(d).

36. For at least the past three years, Defendant has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

37. For at least the past three years, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as construction equipment, laptops, and cell phones – that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

38. For at least the past three years, Tunkel and the FLSA Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

39. Defendant provides construction inspection and management for its clients.

---

[1] Emergency Rule 9 of the Emergency Rules to Related to COVID-19 tolled the statute of limitations for civil cases of action from April 6, 2020, until October 1, 2020.

40. In order to conduct these services, Defendant hires field staff.

41. Tunkel is one of these employees.

42. Tunkel worked for Defendant from 2007 to 2019.

43. Defendant classified Tunkel as non-exempt.

44. Tunkel received standard overtime for hours he was allowed to bill to Defendant's clients.

45. However, Defendant did not allow charge for his time spent off the construction site.

46. Tunkel was not allowed to report is time working on his "journal" or "diary" for each day worked.

47. According to Ghirardelli's website, it requires "field staff to prepare electronic daily reports which will document weather, shift duration, personnel on the project, equipment used, tracking of force account activities (including accurate recording of labor, equipment and materials used), phone conversations, field instructions and discussions and any other daily occurrences pertinent to the scope, schedule, budget, quality and safety related issues. Ghirardelli's Resident Engineers will then review these issues and help to ensure progress toward resolution or corrective action(s)."

48. Defendant does not pay its field staff for the hours spent maintaining these daily reports.

49. These daily reports would take an hour to complete.

50. Tunkel and the other non-exempt field staff were not compensated for finishing their daily reports even though it was required by Defendant.

51. The field staff would adhere to Defendant's client's plans.

52. The field staff would follow details and all applicable specifications in order to properly construct and administer Defendant's client's project based on Defendant's policies and procedures.

53. The field staff's activities include, but are not limited to, maintaining continuous agency coordination, issuing notices of non-compliance, maintaining strict adherence to all local

policies, conducting a daily review of the construction operations, and adhering to all applicable contract specifications and standards.

54. The field work was routine and largely governed by standardized plans and checklists created by Defendant and its clients.

55. All of Defendant's field staff perform substantially similar inspection work using forms and checklists developed by Defendant.

56. Every element of the field staff's job was predetermined by Defendant, including the schedule of their work, procedures to use, daily reports to fill out, templates for emails, and related work duties.

57. All field staff's were required to complete daily reports or "diaries" regarding the events that occurred on the construction site during their shifts.

58. The field staff was not paid for the time spent completing these daily reports.

59. The field staff was required to complete the daily reports per Defendant's policies.

60. To the extent the field staff make "decisions," the decisions do not require the exercise of independent discretion and judgment.

61. Instead, Defendant's field staff apply well-established procedures.

62. When field staff perform their work, they do so using established guidelines and predetermined parameters.

63. Field staff are not permitted to deviate from established guidelines.

64. With these job duties, field staff (including Tunkel) are clearly non-exempt under the FLSA.

65. Defendant classified its field staff, including Tunkel, as non-exempt under the FLSA.

66. Defendant knew that its field staff were non-exempt under the FLSA.

67. Defendant's field staff (at one point in the last 4 years) worked hours in excess of 40 hours a week.

68. Defendant's field staff were required to regularly work 9 or more hours in a day and five days a week.

69. Working over 40 hours in a workweek was required for Tunkel and the Class Members to perform their jobs for Defendant.

70. The required off the clock work similarly involved routine construction job duties.

71. Tunkel and the Class Members were only allowed to document the overtime when they were on the construction site.

72. Tunkel and the Class Members were only allowed to document the overtime when if it was approved by Defendant and its client.

73. The field staff were not paid to complete daily reports or "journals" off the construction site.

74. Defendant does not pay its non-exempt field staff overtime for hours worked in excess of 40 in a workweek for the hours worked to complete the daily reports.

75. While Defendant did pay its field staff overtime, it failed to pay for the documentation it required.

76. Defendant failed to provide Tunkel and the California Class Members for meal and rest breaks.

77. Tunkel and the California Class routinely worked through their required meal and rest breaks without pay.

78. Tunkel and the California Class were required to enter or document a meal/rest break, but they were rarely taken.

79. For example, Tunkel and the California Class were required to enter a 30-minute lunch breaks on a daily basis even if they worked through the lunch break.

80. Defendant required Tunkel and the California Class to document these breaks for "audit" purposes.

81. Defendant had a policy to take meal breaks, but in order to perform their job duties for Defendant, Tunkel and the California Class had to work off the clock.

82. Accordingly, Defendant encouraged Tunkel and the field staff to enter breaks into the timesheet and work through the breaks.

83. Defendant knew that it needed to pay non-exempt field staff overtime.

PARMET PC

84. Regardless, Defendant only paid the non-exempt field staff overtime when they were working on the construction site during its clients' hours.

85. Tunkel and the Class Members worked for Defendant as field staff over the past four years in California.

86. As a result of Defendant's pay policies, Tunkel and the Class Members were denied the overtime pay required by federal law.

87. Defendant was required to keep accurate records of the hours its field staff work.

88. However, Tunkel and the Class Members were only allowed to document work if they were physically on Defendant's clients' sites.

89. Tunkel and the Class Members were not compensated for off-the-clock work performed to complete daily reports.

90. Further, Tunkel and the Class Members were required to document rest and meal breaks and often had to work through them.

91. Despite knowing the FLSA's requirements and that its non-exempt field staff regularly worked more than 40 hours in a workweek, Defendant does not pay them overtime when not performing work on clients' construction site.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

92. Numerous hourly field employees have been victimized by this pattern, practice, and policy, which are in willful violation of the FLSA.

93. Many of these hourly field employees have worked with Tunkel and have reported that they were paid in the same manner and were not properly compensated for all hours worked, as required by the FLSA.

94. Thus, from Tunkel's observations and discussions with these hourly field employees, he is aware that the illegal practices or policies of Defendant has been imposed on a distinct group of hourly field employees.

95. These hourly field employees were all subject to Defendant's policy of paying for only time worked on its clients' construction sites and not for time worked completing required daily reports.

96. The hourly field employees were required to document meal and rest breaks and perform work off the clock.

97. These hourly field employees are victims of Defendant's unlawful compensation practices and are similarly situated to Tunkel in terms of pay provisions and employment practices.

98. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA and California Law result from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the hourly field employees.

99. Thus, Tunkel's experiences are typical of the experiences of the hourly field employees he seeks to represent.

100. The specific job titles or precise job locations of the various hourly field employees does not prevent class or collective treatment.

101. Tunkel has no interests contrary to, or in conflict with, the members of the FLSA Class Member and California Class Members. Like each member of the proposed classes, Tunkel has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

102. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

103. Absent this action, many FLSA and California Class Members likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA and California law.

104. Furthermore, even if some of the FLSA and California Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

105. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

106. The questions of law and fact common to each of the FLSA and California Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Defendant employed the FLSA and California Class Members within the meaning of the FLSA and California law;

b. Whether the FLSA and California Class Members were exempt from overtime;

c. Whether Defendant's decision to not pay overtime to the FLSA Class Members was made in good faith; and

d. Whether Defendant's violation of the FLSA was willful.

107. Tunkel's claims are typical of the FLSA and California Class Members. Tunkel and the FLSA and California Class Members have sustained damages arising out of Defendant's illegal and uniform employment policy.

108. Tunkel knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

109. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

110. All the Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

**FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA**

111. Tunkel incorporates by reference all other paragraphs.

112. Defendant has violated, and are violating, the FLSA, by failing to compensate hourly employees for overtime worked off the clock in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating the FLSA Class Members for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

113. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Class Members overtime compensation.

114. Defendant's failure to pay overtime compensation to these FLSA Class Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

115. Accordingly, Tunkel and the FLSA Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

**SECOND CAUSE OF ACTION—FAILURE TO PAY WAGES UNDER CALIFORNIA LAW**

116. Tunkel incorporates by reference all other paragraphs.

117. The California Labor Code requires that all employees, including Tunkel and the California Class, receive 1.5 times their hourly rate as overtime premium compensation for hours worked over eight in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Order 16-2001.

118. Despite working over 8 hours a day as part of their normal and regular shift, Tunkel and the California Class did not receive any overtime compensation for all hours worked over eight in one day.

119. The California Labor Code also requires that all employees, including Tunkel and the California Class, receive two times the overtime premium compensation for hours worked over 12 in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Order 16-2001.

120. Although Tunkel and the California Class occasionally worked over 12 hours in one day, they did not receive the "double time" compensation required by California law.

121. The California Labor Code requires that all employees, including Tunkel and the California Class, receive two times the overtime premium compensation for hours worked over 8 in one day, in the seventh day of a workweek. CAL. LAB. CODE §§ 510, 551–52 (2017); IWC Wage Order 16-2001.

122. Although Tunkel and the California Class occasionally worked seven days a week, for at least 12 hours a day, they did not receive the "double time" compensation required by California law for all hours over eight worked on the seventh day.

123. This pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful and entitles Tunkel and the California Class to recover unpaid balance of the full amount of overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit pursuant to California Labor Code section 1194.

### THIRD CAUSE OF ACTION—FAILURE TO PROVIDE
### COMPENSATION FOR MISSED MEAL AND REST PERIODS

124. Tunkel incorporates by reference all other paragraphs.

125. In accordance with the mandates of California Labor Code sections 226.7 and 512, and applicable IWC Wage Orders, Tunkel and the California Class had the right to take two uninterrupted 30-minute meal periods for each day they worked 10 hours per day and a 10-minute rest period for every four hours worked per day. CAL. LAB. CODE §§ 226.7, 512; IWC Wage Order 16-2001.

126. Although the California Labor Code requires that all employees, including Tunkel and the California Class, receive two, 30-minute meal-period breaks when employed for 10 hours per day, Tunkel and the California Class did not receive two meal-period breaks for each day worked, despite working shifts of 10 hours or more. CAL. LAB. CODE § 512; IWC Wage Order 16-2001.

127. As a pattern and practice, Defendant required Tunkel and the California Class to enter in meal and rest breaks on their timesheets, but required them to work through these breaks.

128. Defendant knew it was required to provide Tunkel and the California Class meal and rest breaks, but it did not provide proper compensation for this failure as required by California law.

129. Although the California Labor Code requires that all employees, including Tunkel and the California Class, receive a 10-minute rest period for every four hours worked, Tunkel and the California Class did not actually receive rest periods during their shifts of 9 to 10 or more hours. CAL. LAB. CODE § 512; IWC Wage Order 16-2001.

130. As a pattern and practice, Defendant did not provide Tunkel and the California Class with rest-period breaks, and did not provide proper compensation for this failure as required by California law.

131. Tunkel and the California Class are entitled to receive compensation, at their regular rate of pay, of one hour for each day they were denied their lawfully required meal- and rest-periods. CAL. LAB. CODE § 512; IWC Wage Order 16-2001.

132. Defendant's policy failed to provide Tunkel and the California Class with the legally mandated meal period breaks. Such a pattern, practice, and uniform administration of corporate policy

PARMET PC

as described herein is unlawful and creates an entitled to recovery by Tunkel and the California Class in a civil action, for the balance of the unpaid compensation pursuant to Labor Code sections 226.7 and 512, and applicable IWC Wage Orders.

#### FOURTH CAUSE OF ACTION—VIOLATIONS OF RECORD KEEPING REQUIREMENTS

133. Tunkel incorporates by reference all other paragraphs.

134. California Labor Code section 226 requires Defendant to keep accurate records regarding the rates of pay for its California employees and provide that information to Tunkel and the California Class with their wage payment.

135. Because Defendant failed to pay Tunkel and the California Class Members lawful wages, it did not maintain accurate records of Tunkel and the California Class's daily hours, gross wages earned, net wages earned, and the applicable hourly rates, and did not provide that information to Tunkel and the California Class with their wages.

136. Tunkel and the California Class were not paid for hours worked completing their daily journals.

137. Tunkel and the California Class routinely worked through lunch and rest breaks without being allowed to record their time.

138. This pattern, practice, and uniform administration of corporate policy is unlawful and entitles Tunkel and the California Class to recover all damages and penalties available by law, including interest, penalties, attorney fees, and costs of suit. CAL. LAB. CODE § 226(e).

#### FIFTH CAUSE OF ACTION—WAITING TIME PENALTIES

139. Tunkel incorporates by reference all other paragraphs.

140. At all relevant times, Defendant was required to pay Tunkel and the California Class all wages owed in a timely fashion at the end of employment pursuant to California Labor Code sections 201 to 204.

141. As a result of Defendant's alleged California Labor Code violations, Defendant regularly failed to pay Tunkel and the California Class their final wages pursuant to California Labor Code sections 201 to 204, and accordingly Defendant owe waiting time penalties pursuant to California Labor Code section 203.

142. The conduct of Defendant, in violation of Tunkel and the California Class's rights, was willful and was undertaken by the agents, employees, and managers of Defendant.

143. Defendant's willful failure to provide Tunkel and the California Class the wages due and owing them upon separation from employment results in a continuation of wages up to 30 days from the time the wages were due.

144. Therefore, Tunkel and the California Class who have separated from employment are entitled to compensation pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION—VIOLATION OF UNFAIR COMPETITION LAW

145. Tunkel incorporates by reference all other paragraphs.

146. Defendant has engaged, and continues to engage, in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above by knowingly denying employees: (1) overtime wages required under federal law; (2) overtime wages required by California law; (3) meal- and rest-period break wages; (4) accurate wage statements; and (5) waiting time penalties.

147. As a result of Defendant's failure to comply with federal and state law, Defendant has also violated the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et. seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business actions or practices.

148. The relevant acts by Defendant occurred within the four years preceding the filing of this action.

149. On information and belief, Defendant has engaged in unlawful, deceptive, and unfair business practices, pursuant to California's Business and Professions Code section 17200, *et seq.*, including those set forth above, depriving Tunkel and the California Class of minimum working condition standards and conditions under California law and IWC Wage Orders as set forth above.

150. Tunkel and the California Class are entitled to restitution for at least the following: restitution for unpaid overtime wages and unpaid California Labor Code § 203 continuation wages.

151. Tunkel and the California Class are also entitled to permanent injunctive and declaratory relief prohibiting Defendant from engaging in the violations and other misconduct referred to above.

152. Defendant is also liable for fees and costs pursuant to California Code of Civil Procedure section 1021.5 and other applicable law.

## RELIEF SOUGHT

153. Tunkel prays for judgment against Defendant as follows:

    a. For an order certifying a class action under Rule 23 for the purposes of the claims under California law;

    b. For an order certifying this case as a collective action for the purposes of the FLSA claims;

    c. For an order finding Defendant liable for violations of state and federal wage laws with respect to Tunkel and all Class Members covered by this case;

    d. For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Tunkel and all Class Members covered by this case;

    e. For a judgment awarding Tunkel and all Class Members covered by this case their costs of this action;

    f. For a judgment awarding Tunkel and all Class Members covered by this case their attorneys' fees;

    g. For a judgment awarding Tunkel and all Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

    h. For all such other and further relief as may be necessary and appropriate.

Date: <u>February 2, 2022</u>

Respectfully submitted,

**PARMET PC**

By:   */s/ Matthew S. Parmet*
      **Matthew S. Parmet**

**Attorneys for Plaintiff**